Jeffrey N. Pomerantz (CA Bar No. 143717)
Jeremy V. Richards (CA Bar No. 102300)
Malhar S. Pagay (CA Bar No. 189289)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310.277.6910
Facsimile: 310.201.0760
Email: jpomerantz@pszjlaw.com
       jrichards@pszjlaw.com
       mpagay@pszjlaw.com

Henry C. Kevane (CA Bar No. 125757)
Pachulski Stang Ziehl & Jones LLP
150 California St., 15th Floor
San Francisco, CA 94111
Telephone: 415.263.7000
Facsimile: 415.263.7010
Email: hkevane@pszjlaw.com

Proposed Attorneys for Home Loan Center, Inc.

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| In re: | Case No.: 19-51455 |
| HOME LOAN CENTER, INC., | Chapter 11 |
| Debtor. | **DEBTOR' STATEMENT RE: VENUE** |
| | [No hearing required] |
| | Judge: Hon. Elaine M. Hammond |

Debtor and debtor in possession Home Loan Center, Inc. ("HLC" or the "Debtor"), hereby provides the following statement regarding the venue of its chapter 11 bankruptcy case as appropriately filed in the United States Bankruptcy Court for the Northern District of California:

**A.    The Chapter 11 Filing**

The Debtor commenced this chapter 11 case by filing a voluntary petition under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), on July 21, 2019. The Debtor remains in possession of its property and continues to manage its business as debtor in possession. No trustee has been appointed. The Office of the United States Trustee has not yet appointed an official committee of unsecured creditors in the case.

**B.    The Debtor's General Corporate Structure and Governance**

HLC was incorporated in September of 2000 under the name FreeApprovalFinder.com, Inc.[1] The Debtor changed its name to Home Loan Center, Inc., on March 8, 2002. The Debtor is a California corporation.[2] A. Kyle Everett, a Senior Managing Director in the San Francisco office of Development Specialists, Inc., is the sole director of HLC. Matthew English, a Senior Managing Director at Arch & Beam Global, LLC, in Walnut Creek, California, is HLC's Chief Restructuring Officer. On July 21, 2019, the Debtor filed an *Application for Order Approving Designation of Matthew English as Responsible Individual Pursuant to Bankruptcy Local Rule 4002-1*. The Debtor's current mailing address is a mailbox utilized by the Debtor's CRO/Responsible Individual in San Mateo, California. As discussed below, the Debtor is not currently operating and substantially all of its books and records are under the control of Mr. English, who is located in the Northern District of California. The Debtor's current connections to North Carolina are that it is the state where the Debtor's ultimate parent company, LendingTree, Inc., is headquartered, and some past business records are held there.

**C.    The Debtor's Previous Operations**

Prior to the sale of substantially all of its operating assets in 2012, as described in more detail below, HLC originated and processed consumer mortgage loans, which it sold in the secondary market. Prior to the cessation of its operations, HLC originated approximately 234,000 loans with an original issue balance of $38.9 billion.

**D.    The Sale to Discover Bank**

On May 12, 2011, HLC entered into an asset purchase agreement with Discover Bank pursuant to which HLC sold substantially all of its operating assets to Discover Bank for approximately $55.9 million. The sale closed on June 6, 2012. Since that time, HLC has been winding down its operations and financial affairs and addressing claims and litigation arising out of its prior operations. The Debtor's previous place of business, when it was operating and originating loans, was in California. The Debtor's current assets consist of cash and litigation claims. The

---

[1] *See* Articles of Incorporation filed September 5, 2000 with the Office of the California Secretary of State as Document No 2259958.

[2] *See* Amended and Restated Articles of Incorporation field March 15, 2002 with the Office of the California Secretary of State as Document No A0578311.

Debtor has no employees and its management consists solely of Mr. English and Mr. Everett, both of whom are located in the Northern District of California. Debtor's counsel maintains offices in the Northern District of California as well. Lastly, to the best of the Debtor's knowledge, none of the Debtor's 20 largest unsecured creditors are located in North Carolina.

## II.

## ARGUMENT

### A. A Corporation May File Where it is "Domiciled"

A corporation may file a chapter 11 case in the district court for the district in which it is "domiciled" or in the district in which it has its principal place of business. 28 U.S.C. § 1408.[3] A corporation is domiciled in its state of incorporation for the purpose of 28 U.S.C. § 1408. *See e.g., In re ERG Intermediate Holdings, LLC,* 2015 Bankr. LEXIS 3639, *11 (Bankr. N.D. Tex. Oct. 26, 2015); *In re Silicon Valley Innovation Co.,* 2012 Bankr. LEXIS 4034, *8 (Bankr. N.D. Cal. Aug. 30, 2012) (a corporation formed in Delaware is "domiciled" in Delaware for purpose of venue); *In re Dunmore Homes, Inc.,* 380 B.R. 663, 670 (Bankr. S.D.N.Y. 2008) (holding that because the debtor was incorporated in New York, it was considered domiciled in that state); *In re B.L. of Miami, Inc.,* 294 B.R. 325, 328 (Bankr. D. Nev. 2003) ("Since Debtor is incorporated here in Nevada, the District of Nevada may be considered Debtor's domicile and venue is thus proper under § 1408(1)."); *In re Segno Communs., Inc.*, 264 B.R. 501, 506 (Bankr. N.D. Ill. 2001) ("To determine the domicile of a corporation we look to the state of its incorporation.").

The Debtor is a California corporation. Accordingly, it is "domiciled" and may commence a bankruptcy case in California.

---

[3] 28 U.S.C. § 1408 (entitled "Venue of cases under title 11") states that a bankruptcy case may be filed:

(1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district; or
(2) in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**B.  The Debtor May Commence its Bankruptcy Case in the Northern District of California**

California has multiple judicial districts, and the bankruptcy venue statute (28 U.S.C. § 1408) is silent on the question of which judicial district is proper.  One bankruptcy court has held, however, that when a debtor is incorporated in a state with multiple districts, venue is proper in any district within the state.  *In re ERG Intermediate Holdings, LLC*, 2015 Bankr. LEXIS 3639, *11 (Bankr. N.D. Tex. Oct. 26, 2015) ("For entities incorporated in states with multiple Districts, the Court sees no basis for finding the entity to be domiciled in one District but not the others. . .").

Maintaining the Debtor's bankruptcy case in the Northern District of California will facilitate the administration of the case.  The Debtor's management, current books and records and counsel are all located in California.  Other than its nominal business address, a vestige from when the Debtor was managed from North Carolina, and the fact that the Debtor's parent company operates in North Carolina, there is no significant connection between the Debtor and North Carolina.

## III.

## CONCLUSION

For the reasons set forth above, HLC respectfully requests that the Court determine that the venue of its bankruptcy case is appropriate in this district.

Dated:   July 22, 2019

By:   */s/ Malhar S. Pagay*
Jeffrey N. Pomerantz (CA Bar No. 143717)
Jeremy V. Richards (CA Bar No. 102300)
Malhar S. Pagay (CA Bar No. 189289)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310.277.6910
Facsimile: 310.201.0760
Email: jpomerantz@pszjlaw.com
         jrichards@pszjlaw.com
         mpagay@pszjlaw.com

Henry C. Kevane (CA Bar No. 125757)
Pachulski Stang Ziehl & Jones LLP
150 California St., 15th Floor
San Francisco, CA 94111
Telephone:  415.263.7000
Facsimile:  415.263.7010
Email: hkevane@pszjlaw.com

Proposed Attorneys for Home Loan Center, Inc.