Jeffrey N. Pomerantz (CA Bar No. 143717)
Jeremy V. Richards (CA Bar No. 102300)
Malhar S. Pagay (CA Bar No. 189289)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310.277.6910
Facsimile: 310.201.0760
Email: jpomerantz@pszjlaw.com
       jrichards@pszjlaw.com
       mpagay@pszjlaw.com

Henry C. Kevane (CA Bar No. 125757)
Pachulski Stang Ziehl & Jones LLP
150 California St., 15th Floor
San Francisco, CA 94111
Telephone: 415.263.7000
Facsimile: 415.263.7010
Email: hkevane@pszjlaw.com

Proposed Attorneys for Home Loan Center, Inc.

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| HOME LOAN CENTER, INC., | Case No.: 19-51455 (MEH) |
| Debtor. | **DEBTOR'S APPLICATION TO EMPLOY WILLIAMS & CONNOLLY, LLP AS SPECIAL LITIGATION COUNSEL, EFFECTIVE AS OF THE PETITION DATE, PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE** |
| | **[No Hearing Required]** |

Home Loan Center, Inc., the above-captioned debtor and debtor in possession ("HLC" or the "Debtor"), submits this application (the "Application") to employ, as of July 21, 2019 (the "Petition Date"), Williams & Connolly LLP ("W&C") as special litigation counsel to the Debtor. This Application is brought pursuant to section 327 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of the Application, the Debtor represents as follows:

# I.
# STATEMENT OF FACTS

**A.  Jurisdiction and Venue**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory bases for the relief sought herein are sections 327(e), 330, and 331 of the Bankruptcy Code and Bankruptcy Rule 2014.

**B.  General Background**

On the Petition Date, the Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor is managing its property as a debtor and debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee or an examiner in this chapter 11 case, and no official committee has yet been appointed by the Office of the United States Trustee.

A detailed discussion of the Debtor's history, description of its business, its assets and liabilities, and the events that led to its need for bankruptcy relief is set forth in the *Declaration of Matthew English in Support of the Debtor's Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362 to Prosecute Appeal of Adverse Judgment* [Docket No. 19], filed on July 24, 2019.

# II.
# RELIEF REQUESTED

By this Application, the Debtor seeks entry of an order authorizing the employment of W&C as its special litigation counsel effective as of the Petition Date.  The Debtor requests that the Court authorize W&C to be retained to perform the services described in this Application and the supporting declaration of Jesse T. Smallwood (the "Smallwood Declaration"), attached hereto as **Exhibit A** and incorporated herein by this reference.  A proposed form of order authorizing W&C's retention is attached hereto as **Exhibit B**.

## III.

## BASIS FOR RELIEF

Section 327(e) of the Bankruptcy Code authorizes a debtor, with court approval, to retain:

> for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e). Clarifying the statute, Bankruptcy Code section 1107(b) provides that "a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b).

Accordingly, retention of special counsel is permissible so long as: (a) the appointment is in the best interest of the debtor's estate, (b) counsel does not hold an interest adverse to the estate with respect to the subject matter of its retention, and (c) the engagement does not amount to conducting the bankruptcy case for the debtor in possession. *See In re DeVlieg, Inc.,* 174 B.R. 497 (N.D. Ill. 1994); *In re Carla Leather, Inc*., 44 B.R. 457, 474 (Bankr. S.D. N.Y. 1984), aff'd, 50 B.R. 764 (S.D. N.Y. 1985) ("[section] 327(e) bars engagement of special counsel only in the presence of an actual conflict of interest concerning the subject matter of the engagement.").

W&C's retention as the Debtor's special litigation counsel falls within the scope of section 327(e) of the Bankruptcy Code. The Debtor believes that W&C is eminently qualified to serve the estate as special litigation counsel, and that the retention of W&C is in the best interest of all constituents. W&C's engagement is necessary and beneficial to the estate. W&C has served as litigation counsel for the Debtor since May 2015 in a lawsuit brought by the trustee to the ResCap Liquidating Trust against the Debtor before the United States District Court for the District of Minnesota (the "District Court") titled *ResCap Liquidating Trust v. Home Loan Center, Inc*., Case No. 14-cv-1716 (the "ResCap Litigation"), which is consolidated with *In Re: RFC and ResCap Liquidating Trust Litigation* (Case No. 13-cv-03451). On June 21, 2019, the District Court entered judgment against the Debtor in the amount of $68,484,502.06 (the "ResCap Judgment"). On or

3

about June 28, 2019, W&C filed, on behalf of HLC, a *Renewed Motion for Judgment As a Matter of Law* (Case No. 13-cv-03451, Doc. No. 5150), which the District Court denied on July 15, 2019.

The Debtor has filed a notice of appeal of the ResCap judgment and believes that it is supported by ample grounds (the "ResCap Appeal"), as explained more fully in the *Debtor's Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362 to Prosecute Appeal of Adverse Judgment* [Docket No. 17] (the "Stay Motion"), filed on July 24, 2019. In addition to serving as counsel to the Debtor in connection with the ResCap Litigation, W&C has, since April 9, 2016, been counsel to the Debtor in *Lehman Brothers Holdings Inc. v. Home Loan Center Inc.*, Adversary Proceeding No. 16-01342,[1] pending before the United States Bankruptcy Court for the Southern District of New York, which is now stayed by the operation of this bankruptcy case (the "Lehman Litigation" and together with the ResCap Litigation, the "Indemnification Litigation"). In its Amended Complaint, Lehman Brothers Holdings, Inc. ("LBHI") has asserted an indemnification claim against HLC with respect to 370 loans that HLC sold to LBHI. LBHI contends that breaches of representations and warranties made by HLC on these loans caused LBHI to incur $40.2 million in losses and liabilities in connection with these loans.

## IV.

## SERVICES TO BE PROVIDED BY W&C

This Application seeks to retain W&C as special litigation counsel for the Debtor in connection with its representation of the Debtor in the Indemnification Litigation, including, without limitation, litigating the appeal on behalf of the Debtor of the judgment in the ResCap Litigation, representing the Debtor in any post-appeal proceedings in the District Court in the ResCap Litigation, and performing any litigation-related tasks required in connection with the Lehman Litigation.

W&C will not be involved in interfacing with this Court and will not be responsible for the Debtor's general restructuring efforts. By delineating W&C's role, the Debtor has ensured there will

---

[1] This litigation has been coordinated with other similar adversary proceedings filed by Lehman Brothers Holdings Inc. under a Central Docket, Adv. Pro. No. 16-01019.

be no duplication of services. W&C will only assist the Debtor in the Indemnification Litigation matters.

## V.

## W&C'S QUALIFICATIONS

W&C is widely recognized as one of the nation's premier litigation firms. W&C has handled some of the most complex corporate, financial, and securities disputes stemming from the global financial crisis. In particular, W&C has significant experience representing mortgage lenders in high-stakes litigation throughout the country in a diverse range of matters. This experience includes the defense of mortgage lenders against put-back claims, claims for breach of contract, indemnification, and fraud, claims for violation of FIRREA and the False Claims Act, and representation in connection with government investigations. W&C's mortgage litigation experience has included spearheading the defense of Bank of America through both trial and appeal of a *qui tam* suit concerning loan origination practices, a case in which the Second Circuit ultimately reversed the jury's verdict, set aside the penalty, and ordered that judgment be entered in the bank's favor. In addition, W&C is serving as lead trial counsel on behalf of Countrywide against claims of fraud and breach of contract in connection with 30 mortgage-backed securitizations insured by Ambac Assurance Corporation.

W&C also has been widely recognized as one of the nation's leading firms for Supreme Court and appellate litigation. In the most recent editions of their guides to law firms, *Vault* ranked the firm second in the nation for appellate litigation, and *Chambers USA* cited the firm as having one of the top appellate practices in the country.

Prior to the Petition Date, the Debtor selected W&C because of its expertise in complex civil, criminal, and administrative cases. The Debtor believes that the attorneys at W&C are well qualified to act as special litigation counsel on behalf of the Debtor in this case.

W&C has been providing litigation services to the Debtor in connection with the ResCap Litigation since May 13, 2015, and has been providing litigation services to the Debtor in connection with the Lehman Litigation since April 9, 2016.

5

DOCS_LA:319937.1 36859/001
Case: 19-51455   Doc# 33   Filed: 07/31/19   Entered: 07/31/19 17:48:06   Page 5 of 17

Commencing on the Petition Date, W&C has been asked by the Debtor to continue its role as litigation counsel in the Indemnification Litigation. Since the Petition Date, W&C has provided, and is expected to continue to provide, services relating to the defense of the Indemnification Litigation.

In light of W&C's historical relationship with the Debtor and the extensive work it has performed for the Debtor, the Debtor believes that W&C's retention is in the best interests of its estate and creditors.

## VI.

## DISINTERESTEDNESS AND DISCLOSURE OF CONNECTIONS

To check and clear potential conflicts of interest in this case, W&C researched its client database for the past two years to determine whether it had any relationships with the following entities, limited to potential conflicts in its engagement as special litigation counsel (collectively, the "Interested Parties"):

(a) the Debtor; and

(b) the creditors holding the 13 largest unsecured claims against the Debtor.

W&C's research of its relationships with the Interested Parties indicates that W&C has not represented in the past two years, and does not currently represent, any of these entities in matters unrelated to this chapter 11 case, other than the Debtor and creditor Deutsche Bank in the last two years (but not currently) in litigation matters that are now concluded.

Therefore, in reliance on the Smallwood Declaration, the Debtor believes that W&C has no connection with the Interested Parties, other than as stated herein, the United States Trustee for the Northern District of California (the "U.S. Trustee"), any person employed in the Office of the U.S. Trustee, or any Bankruptcy Judge currently serving in the United States Bankruptcy Court for the Northern District of California, except as set forth in the Smallwood Declaration. The Debtor believes that W&C's representation of the Debtor is necessary as it is the lead law firm that has represented the Debtor in the Indemnification Litigation. Therefore, the Debtor believes that W&C's representation is permissible under section 327(e) of the Bankruptcy Code and is in the best interests of the Debtor's estate.

Finally, the Debtor notes that W&C will have no involvement with respect to actually conducting the Debtor's chapter 11 case. The Debtor has filed an application to retain Pachulski Stang Ziehl & Jones LLP ("PSZ&J") as general bankruptcy counsel to the Debtor. Although PSZ&J and W&C have coordinated and expect to continue to coordinate on matters that generally concern the Debtor, W&C will not conduct the Debtor's bankruptcy case.

## VII.

## COMPENSATION AND FEE APPLICATIONS

In the one year prior to the Petition Date, the Debtor has paid W&C for its legal fees $9,665,512.35 on account of the ResCap Litigation, and $62,694.24 on account of the Lehman Litigation.

The Debtor has provided W&C a prepetition evergreen retainer in the amount of $500,000 (the "Retainer") for its services in connection with the Indemnification Litigation.

Mr. Smallwood's hourly rate is $810.00 per hour. The names and hourly rates of other members of W&C who are currently expected to work on the Debtor's case are listed below. The list of W&C attorneys and paralegals who may be required to work on this matter may change over time due to the needs of the case:

| Name | Title | Hourly Rate |
|---|---|---|
| R. Hackney Wiegmann | Partner | $925.00 |
| Matthew V. Johnson | Partner | $800.00 |
| Sarah M. Harris | Partner | $880.00 |
| Matthew B. Nicholson | Associate | $720.00 |
| Danielle M. Vogel | Associate | $535.00 |
| Debbie Cackowoski | Paralegal | $375.00 |

W&C intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the guidelines promulgated by the U.S. Trustee, and pursuant to any additional procedures that may be established by the Court in this case.

W&C will maintain records in support of any actual and necessary costs and expenses incurred in connection with the rendering of its services in this case. Subject to application for and allowance by the Court, W&C will receive reimbursement for reasonable and documented out-of-pocket expenses incurred in connection with the services rendered to the Debtor.

All compensation and expenses will be sought in accordance with section 328(a) of the Bankruptcy Code, as incorporated in sections 329 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of the Court.

The Debtor believes that the compensation arrangements with W&C are reasonable and at market rates, and similar to the rates charged to other clients in similar circumstances.

WHEREFORE, the Debtor requests that this Court approve the employment of W&C as special litigation counsel, effective as of the Petition Date, pursuant to section 327(e) of the Bankruptcy Code, to render services as described above, with compensation to be paid by the estate as an administrative expense in such amounts as this Court may hereafter determine and allow.

Dated: July 31, 2019

HOME LOAN CENTER, INC.

_____
Matthew English
Chief Restructuring Officer

8

# EXHIBIT A

Case: 19-51455    Doc# 33    Filed: 07/31/19    Entered: 07/31/19 17:48:06    Page 9 of 17

Jeffrey N. Pomerantz (CA Bar No. 143717)
Jeremy V. Richards (CA Bar No. 102300)
Malhar S. Pagay (CA Bar No. 189289)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310.277.6910
Facsimile: 310.201.0760
Email: jpomerantz@pszjlaw.com
       jrichards@pszjlaw.com
       mpagay@pszjlaw.com

Henry C. Kevane (CA Bar No. 125757)
Pachulski Stang Ziehl & Jones LLP
150 California St., 15th Floor
San Francisco, CA 94111
Telephone: 415.263.7000
Facsimile: 415.263.7010
Email: hkevane@pszjlaw.com

Proposed Attorneys for Home Loan Center, Inc.

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| In re:<br>HOME LOAN CENTER, INC.<br><br>                Debtor. | Chapter 11<br>Case No.: 19-51455 (MEH)<br>**DECLARATION OF JESSE T. SMALLWOOD IN SUPPORT OF DEBTOR'S APPLICATION TO EMPLOY WILLIAMS & CONNOLLY LLP AS SPECIAL LITIGATION COUNSEL, EFFECTIVE AS OF THE PETITION DATE, PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE**<br><br>**[No Hearing Required]** |

I, Jesse T. Smallwood, declare and state as follows:

1. I make this declaration in support of the application (the "Application")[1] filed by the above-captioned debtor and debtor in possession (the "Debtor" or "HLC"), to employ Williams & Connolly LLP ("W&C") as special litigation counsel, effective as of the Petition Date.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

543411v.4

2. I am an attorney at law, and am duly admitted and licensed to practice in the District of Columbia and the State of North Carolina.

3. The name, address, telephone number, and facsimile number of W&C are as follows:

> Williams & Connolly LLP
> 725 12th Street, NW
> Washington, D.C. 20005
> Telephone: (202) 434-5000
> Facsimile: (202) 434-5029

4. The Debtor has requested that W&C provide legal counsel, effective as of the Petition Date, at the expense of the Debtor's estate.

5. W&C is widely recognized as one of the nation's premier litigation firms. W&C has handled some of the most complex corporate, financial, and securities disputes stemming from the global financial crisis. In particular, W&C has significant experience representing mortgage lenders in high-stakes litigation throughout the country in a diverse range of matters. This experience includes the defense of mortgage lenders against put-back claims, claims for breach of contract, indemnification, and fraud, claims for violation of FIRREA and the False Claims Act, and representation in connection with government investigations. W&C's mortgage litigation experience has included spearheading the defense of Bank of America through both trial and appeal of a *qui tam* suit concerning loan origination practices, a case in which the Second Circuit ultimately reversed the jury's verdict, set aside the penalty, and ordered that judgment be entered in the bank's favor. In addition, W&C is serving as lead trial counsel on behalf of Countrywide against claims of fraud and breach of contract in connection with 30 mortgage-backed securitizations insured by Ambac Assurance Corporation.

6. W&C also has been widely recognized as one of the nation's leading firms for Supreme Court and appellate litigation. In the most recent editions of their guides to law firms, *Vault* ranked the firm second in the nation for appellate litigation, and *Chambers USA* cited the firm as having one of the top appellate practices in the country.

7. Since May 13, 2015, W&C has been providing litigation services to the Debtor pursuant to a written engagement agreement on account of litigation brought by the ResCap

2

Liquidating Trust against HLC in Federal District Court for the District of Minnesota (the "ResCap Litigation").

8. Since April 9, 2016, W&C has been providing litigation services to the Debtor pursuant to a written engagement agreement on account of litigation brought by Lehman Brothers Holdings, Inc., against HLC in the Southern District of New York Bankruptcy Court (the "Lehman Litigation").

9. Commencing on the Petition Date, W&C has been asked by the Debtor to continue its role as litigation counsel in the Lehman Litigation and ResCap Litigation (collectively, the "Indemnification Litigation"). Since the Petition Date, W&C has provided, and expects to continue to provide services relating to the defense of the Indemnification Litigation.

10. I am W&C's primary partner expected to provide services in this matter.

11. In the one year prior to the Petition Date, the Debtor has paid W&C for its legal fees $9,665,512.35 on account of the ResCap Litigation, and $62,694.24 on account of the Lehman Litigation.

12. The Debtor has provided W&C a prepetition evergreen retainer in the amount of $500,000 (the "Retainer") for its services in connection with the Indemnification Litigation.

13. There are no arrangements between W&C and any other entity for the sharing of compensation received or to be received in connection with the case, except insofar as such compensation may be shared among the partners, of counsel, and associates of W&C.

14. Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and this Court's rules, the Debtor proposes to pay W&C its customary hourly rates in effect from time to time and to reimburse W&C according to its customary reimbursement policies. My hourly rate is $810.00 per hour. The names and hourly rates of other members of W&C who are currently expected to work on the Debtor's case are listed below. The list of W&C attorneys and paralegals who may be required to work on this matter may change over time due to the needs of the case:

| Name | Title | Hourly Rate |
|---|---|---|
| R. Hackney Wiegmann | Partner | $925.00 |
| Matthew V. Johnson | Partner | $800.00 |

| Sarah M. Harris | Partner | $880.00 |
| Matthew B. Nicholson | Associate | $720.00 |
| Danielle M. Vogel | Associate | $535.00 |
| Debbie Cackowoski | Paralegal | $375.00 |

15. W&C intends to apply for compensation for professional services rendered and associated costs in connection with this chapter 11 case, subject to approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, as set forth in the Application.

16. No promises have been received by W&C or by any member, of counsel, or associate thereof as to compensation in connection with the representation of the Debtor in this case other than in accordance with the provisions of the Bankruptcy Code. W&C has no agreement with any other entity to share with such entity any compensation received by W&C in connection with this chapter 11 case, except among the members, of counsel, and associates of W&C.

17. W&C maintains a database containing the name of each current and former client of W&C, the name of the parties who are or were related or adverse to such client, and the names of the W&C personnel who are or were responsible for the matters. W&C has searched its database to determine potential conflicts with the Interested Parties (as defined in the Application). Using such database, W&C assessed the Interested Parties to ascertain W&C's current relationship with parties that may be adverse to the Debtor in this chapter 11 case.

18. W&C's research of its relationships with the Interested Parties indicates that W&C has not represented in the past two years, and does not currently represent, any of these entities in matters unrelated to this chapter 11 case, other than the Debtor and creditor Deutsche Bank in the last two years (but not currently) in litigation matters that are now concluded. W&C does not represent the Interested Parties, except as described above, or any other known creditor or party-in-interest of the Debtor with respect to the matters for which the Debtor seeks to retain W&C pursuant to the Application and, therefore W&C holds no material adverse interest to the Debtor or its estate.

19. From time to time, W&C may have provided, and/or may currently provide, services to certain other parties-in-interest, or affiliates thereof, in all instances on matters in which such party does not or did not hold or represent an interest adverse to the Debtor or its estate with respect to the services for which W&C is being retained.

4

DOCS_LA:319937.1 36859/001
Case: 19-51455    Doc# 33    Filed: 07/31/19    Entered: 07/31/19 17:48:06    Page 13 of 17

20. To my knowledge, neither W&C nor any of its members have any connections with the United States Trustee or any person employed in the Office of the United States Trustee and/or the U.S. Bankruptcy Court for the Northern District of California.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on this 29th day of July 2019, at Washington, D.C.

                                                         */s/ Jesse T. Smallwood*
                                                        Jesse T. Smallwood

# EXHIBIT B

Jeffrey N. Pomerantz (CA Bar No. 143717)
Jeremy V. Richards (CA Bar No. 102300)
Malhar S. Pagay (CA Bar No. 189289)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310.277.6910
Facsimile: 310.201.0760
Email: jpomerantz@pszjlaw.com
       jrichards@pszjlaw.com
       mpagay@pszjlaw.com

Henry C. Kevane (CA Bar No. 125757)
Pachulski Stang Ziehl & Jones LLP
150 California St., 15th Floor
San Francisco, CA 94111
Telephone: 415.263.7000
Facsimile: 415.263.7010
Email: hkevane@pszjlaw.com

Proposed Attorneys for Home Loan Center, Inc.

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| In re:<br><br>HOME LOAN CENTER, INC.<br><br>               Debtor. | Chapter 11<br><br>Case No.: 19-51455 (MEH)<br><br>**ORDER APPROVING DEBTOR'S APPLICATION TO EMPLOY WILLIAMS & CONNOLLY LLP AS SPECIAL LITIGATION COUNSEL, EFFECTIVE AS OF THE PETITION DATE, PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE**<br><br>**[No Hearing Required]** |

Upon the application, dated July __, 2019 [Docket No. __], (the "Application")[3] filed by the above-captioned debtor and debtor in possession (the "Debtor") seeking an order pursuant to sections 327(e), 330, and 331 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016, authorizing the retention of Williams & Connolly LLP ("W&C") as special litigation counsel to the Debtor, effective as of July 21, 2019, all as more fully set forth in the Application and the Smallwood Declaration; and the Court having jurisdiction to consider the Application and the relief

---

[3] Capitalized terms not defined herein shall have the meaning ascribed to them in the Application.

requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Application is in the best interests of the Debtor's estate, its creditors, and all other parties in interest; and the Debtor having provided appropriate notice of the Application, and no other or further notice need be provided; and the Court having reviewed the Application and considered the Application, all pleadings and papers filed in connection with the Application; after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is GRANTED.

2. Pursuant to section 327(e) of the Bankruptcy Code, the Debtor is authorized to employ and retain W&C as special litigation counsel, effective as of July 21, 2019, on the terms set forth in the Application and the Smallwood Declaration.

3. W&C shall file applications and be compensated in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and such other interim compensation procedures as may be fixed by order of this Court.

4. The Court retains jurisdiction to interpret and enforce the terms of this Order and the retention of W&C.

**### END OF ORDER ###**