Jeffrey N. Pomerantz (CA Bar No. 143717)
Jeremy V. Richards (CA Bar No. 102300)
Malhar S. Pagay (CA Bar No. 189289)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310.277.6910
Facsimile: 310.201.0760
Email: jpomerantz@pszjlaw.com
        jrichards@pszjlaw.com
        mpagay@pszjlaw.com

Henry C. Kevane (CA Bar No. 125757)
Pachulski Stang Ziehl & Jones LLP
150 California St., 15th Floor
San Francisco, CA 94111
Telephone: 415.263.7000
Facsimile: 415.263.7010
Email: hkevane@pszjlaw.com

Proposed Attorneys for Home Loan Center, Inc.

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re: | Case No.: 19-51455 (MEH) |
| HOME LOAN CENTER, INC., | Chapter 11 |
| Debtor. | **MOTION FOR ORDER APPROVING PROCEDURES REGARDING ASSIGNMENTS/FORECLOSURE ACTIONS** |
| | Hearing Date:<br>Date:     August 29, 2019<br>Time:     10:30 a.m. (Pacific Time)<br>Place:     Courtroom 3020<br>          280 South First Street<br>          San Jose, CA 95113<br>Judge:     Hon. M. Elaine Hammond |

Home Loan Center, Inc., the above-captioned debtor and debtor in possession (the **"Debtor"**), hereby files this motion (the **"Motion"**) for the entry of an order approving procedures with respect to certain home loans originated and sold by the Debtor (the "**Sold Home Loans**"), authorizing but not requiring (a) the execution by the Debtor of recordable assignments of the deeds

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

of trust securing the Sold Home Loans (each, a "**DOT Assignment**"), in each case for the benefit of the investor who purchased the applicable Sold Home Loan from the Debtor; and (b) the Debtor's entry into stipulations effectuating relief from the automatic stay (each, a "**RFS Stipulation**") with respect to third party loan foreclosure actions wherein the Debtor is a defendant solely in its capacity as the holder of a lien on title which secures a Sold Home Loan and in which actions the Debtor otherwise, the best of the Debtor's knowledge, has no direct or indirect economic interest (the "**Third Party Loan Foreclosure Actions**").

This Motion is based on the Memorandum of Points and Authorities set forth herein, the accompanying declaration of Matthew English (the "**English Declaration**"), and such oral and documentary evidence as may be presented at the hearing regarding the Motion. In support of the Motion, the Debtor respectfully represents the following:

## I.

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

The statutory bases for the relief requested herein are sections 105, 362, and 363 of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**") and Rules 4001(a)(1) and (d)(1)(A)(2) and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## II.

## SUMMARY OF RELIEF SOUGHT

The Debtor seeks an order approving procedures with respect to the Debtor's Sold Home Loans, authorizing but not requiring the Debtor to (a) execute recordable DOT Assignments, substantially in the form annexed hereto as **Exhibit B** (or, where necessary, such other form as may be customary in the relevant jurisdiction where such assignment must be recorded), assigning deeds of trust securing the Sold Home Loans to the parties who purchased such Sold Homes Loans from the Debtor, for which a lien release or assignment request is received by the Debtor and the Debtor

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

has verified having sold the loan pursuant to a review of the mortgage loan tape,[1] upon seven (7) days' calendar notice to parties in interest as described herein, without further Court order; and (b) enter into RFS Stipulations with respect to Third Party Loan Foreclosure Actions where the Debtor has verified having sold the applicable loan pursuant to a review of the mortgage loan tape and in which action the Debtor otherwise, to the best of the Debtor's knowledge, has no direct or indirect economic interest, substantially in the form annexed hereto as **Exhibit D**, with such relief to be deemed effective upon seven (7) days' calendar notice to parties in interest. A proposed form of order granting the relief sought herein is annexed hereto as **Exhibit A**.

As discussed in further detail below, the Debtor did not routinely record assignments of the deeds of trust securing the Sold Home Loans and, thus, the Debtor remains on title as the lien holder, despite the fact that the Debtor no longer owns the underlying loans. This gives rise to two ongoing operations tasks for the Debtor: First, there is a significant backlog of requests for lien releases or assignments from homeowners that borrowed from the Debtor and who are now seeking to refinance their Sold Home Loans that need to be processed.[2] Second, the Debtor is named as a defendant in numerous state court foreclosure actions around the country, which actions have been stayed by the bankruptcy filing but in which the estate has no actual economic interest.[3]

Given the substantial number of Sold Home Loans, obtaining Court approval of each DOT Assignment[4] and RFS Stipulation (and/or resolving motions for relief from the automatic stay that may be brought by the plaintiffs in the Third Party Foreclosure Actions) would impose unnecessary burdens on the Debtor and the Court and result in costs to the estate that would correspondingly decrease the estate's resources. In an effort to minimize the postpetition expenses associated with

---

[1] As discussed below, the mortgage loan tape recorded contemporaneously with each loan sale transaction the identity of the buyer of the Sold Home Loan, the date of sale, and the loan amount.

[2] As of the Petition Date, the Debtor is aware of a significant number of such pending requests and has been receiving a few new requests each month.

[3] Customarily, prepetition the Debtor would allow default judgments to be entered in such foreclosure actions where the Debtor was only a nominal defendant by virtue of it having sold the loan. On occasion, a default judgment awarded costs against the Debtor. As discussed below, the proposed form of RFS Stipulation would be conditioned upon a release of any and all claims of the plaintiff against the estate, including, without limitation, awards of attorneys' fees and costs in the foreclosure action.

[4] The Debtor's proposed DOT Assignments to enable refinancing by the borrowers would arguably be within the ordinary course of the Debtor's business. In an abundance of caution, however, the Debtor is seeking Court authorization to execute such assignments pursuant to section 363(b)(1) of the Bankruptcy Code, particularly given the significant backlog of requests that need to be processed at this time.

the DOT Assignments and RFS Stipulations and the costs attendant to effectuating the same, the Debtor seeks approval of the following procedures (the "**DOT Assignment/Third Party Foreclosure Action Procedures**"):

    **a.**   DOT Assignment Notice.  The Debtor will file a notice (the "**DOT Assignment Notice**") setting forth the proposed assignment of one or more deeds of trust and will serve the DOT Assignment Notice via overnight delivery service, email or fax on (i) the Office of the United States Trustee and (ii) the twenty largest unsecured creditors or, in lieu thereof, counsel to any official committee appointed in the case (collectively, the "**DOT Assignment/RFS Notice Parties**").

    **b.**   Content of DOT Assignment Notice.  The DOT Assignment Notice shall be substantially in the form attached as **Exhibit C** to the Motion (or, where necessary, such other form as may be customary in the relevant jurisdiction where such assignment must be recorded).  As to each deed of trust to be assigned, the DOT Assignment Notice shall set forth the following information, based on the best of the Debtor's information: (i) the loan origination date, (ii) the amount borrowed, (iii) the property address, (iv) the date the Debtor sold the loan, and (v) the identity of the loan purchaser/proposed assignee of the deed of trust.

    **c.**   Objections to a DOT Assignment.  Should a party in interest object to the Debtor's proposed assignment of a deed of trust, such party must file and serve a written objection (an "**Objection**") so that it is filed with this Court and actually received by the following parties (the "**Objection Notice Parties**") no later than seven (7) calendar days after the date the DOT Assignment Notice is filed: (i) the Debtor, Arch & Beam Global, LLC, 2500 Camino Diablo, Ste. 110, Walnut Creek, California  94597 (Attn: Matthew English); (ii) counsel to the Debtor, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California, 90067, Attn: Jeffrey N. Pomerantz, Esq., Jeremy V. Richards, Esq., Malhar S. Pagay, Esq., and Pachulski Stang Ziehl & Jones LLP, 150 California Street, 15th Floor, San Francisco, California, 94111, Attn: Henry C. Kevane, Esq.; (iii) counsel to any official committee of unsecured creditors appointed in this case; and (iv) emailed to loan.support@homeloancenterinc.com.  Each Objection must state with specificity the ground for objecting to the proposed deed of trust assignment.  If no Objection to a DOT Assignment Notice is timely filed and served, the Debtor may execute and consummate the applicable DOT Assignment without further order of the Court.

    **d.**   RFS Stipulations, Objections Thereto. The Debtor may enter a RFS Stipulation with respect to each pending or future Third Party Foreclosure Action in which the Debtor is a defendant, provided that the Debtor (i) has verified the sale of the applicable Sold Home Loan pursuant to a review of the mortgage loan tape, and (ii) otherwise, to the best of the Debtor's knowledge, has no direct or indirect economic interest in the outcome of the Third Party Foreclosure Action.  Each RFS Stipulation shall provide for a mutual release

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

of claims, including without limitation any claims of the plaintiff against the Debtor or the estate for attorneys' fees and expenses that may be awarded to the plaintiff in the Third Party Foreclosure Action. The Debtor shall file the RFS Stipulation with the Court and serve it on the DOT Assignment/RFS Notice Parties by overnight delivery service, email, or facsimile. If no objection is received by the Objection Notice Parties within seven (7) calendar days of filing, the relief set forth in the RFS Stipulation shall be deemed immediately effective.

**e.**    Effects of Filing an Objection to a DOT Assignment Notice or RFS Stipulation. If a timely Objection to a DOT Assignment Notice or RFS Stipulation is filed and received in accordance with the DOT Assignment/Third Party Foreclosure Action Procedures, the Debtor shall schedule a hearing on such Objection and shall provide at least seven (7) days' notice of such hearing to the objecting party and the Objection Notice Parties. If a hearing is set on a timely Objection to a DOT Assignment and the Court ultimately upholds the Debtor's determination to assign the applicable deed of trust, then the Debtor may execute and consummate the applicable DOT Assignment. If a hearing is set on a timely Objection to a RFS Stipulation and the Court ultimately upholds the Debtor's determination to grant relief from the automatic stay as to the applicable Third Party Foreclosure Action, the applicable RFS Stipulation shall become immediately effective.

**f.**    Consent Orders. Any Objection may be resolved without a hearing by an order of this Court submitted on a consensual basis by the Debtor, with the consent of the objecting party.

## III.

## FACTS

**A.    Background**

On July 21, 2019 (the "**Petition Date**"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. No request has been made for the appointment of a trustee or an examiner in this chapter 11 case, and no official committee has yet been appointed by the Office of the United States Trustee.

The factual background regarding the Debtor, including its historical business operations and the events precipitating the commencement of its chapter 11 case, is set forth in detail in the *Declaration of Matthew English in Support of the Debtor's Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362 to Prosecute Appeal of Adverse Judgment* [Docket No. 19], filed on July 24, 2019 (the "**English RFS Declaration**").

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**B.  Facts Pertinent to the Motion**

Prior to the sale of substantially all of its assets to Discover Bank in 2012, as described in the English RFS Declaration, the Debtor originated and processed consumer mortgage loans, which it sold in the secondary market.  Prior to the cessation of its operations, the Debtor originated approximately 234,000 loans.  In the ordinary course of business, the details of the sale of its loans, including *inter alia* the date of sale, the identity of the buyer, and the amount of the loan, were recorded and stored electronically on what is referred to as the "mortgage loan tape."

When the Debtor sold its mortgage loans, it typically did not record formal assignments of the deeds of trust to the investors that purchased the loans.  As a result, the Debtor continues to be listed on title of real properties across the country as a lien holder.  The lack of recorded assignments has the following effects:

*First*, the Debtor has received a significant number of pending requests and has been receiving a few new requests each month for lien release or assignment requests from borrowers who are trying to refinance their loans and for whose properties the Debtor is still on title as a lien holder.  These requests need to be processed.  The Debtor is not in a position to release the liens directly, however, as it sold the underlying loans and assigned the rights in the liens, typically as soon as within a few days to a couple of weeks of closing of the loan.  Accordingly, as described above, the Debtor is proposing procedures which would enable the Debtor to execute recordable DOT Assignments for the benefit of the buyers of the Sold Home Loans with respect to the pending requests as well for any future requests received by the Debtor in the ordinary course, provided that the Debtor can verify the loans as having been sold pursuant to a review of the mortgage loan tape.

*Second*, the Debtor is named as a defendant in multiple pending foreclosure actions around the country wherein the plaintiff asserts an interest in the property that served as collateral for a Sold Home Loan.  The Debtor has no economic interest in the outcome of these proceedings since the underlying loans and security interests have been sold.  Consequently, the Debtor's policy prior to the Petition Date had been to let the plaintiffs take default judgments, which occasionally has resulted in the imposition of court costs on the Debtor.  The Debtor proposes the procedures herein, which would grant relief from the automatic stay to enable default judgments to be entered against

the Debtor postpetition, in exchange for releases of the plaintiffs' claims against the estate that would bar claims for attorneys' fees and costs that might otherwise be awarded in any resulting default judgments.

## IV.

## MEMORANDUM OF POINTS AND AUTHORITIES

A. **The DOT Assignment/Third Party Foreclosure Action Procedures Should be Approved**

1. **Effectuating the DOT Assignments Pursuant to the Proposed Procedures Complies with Section 363 of the Bankruptcy Code**

Unless the court orders otherwise, the debtor may use, sell or lease property of the estate in the ordinary course of business without notice or a hearing. 11 U.S.C. § 363(c)(1). In contrast, a debtor may only use, sell or lease property of the estate after notice and a hearing if such sale is outside the ordinary course of business. 11 U.S.C. § 363(b)(1). In determining whether a transaction is "ordinary course" for purposes of Bankruptcy Code section 363, courts apply two tests: (a) the horizontal dimension test, which considers whether the transaction is common in the debtor's industry; and (b) the vertical dimension test, which considers whether the proposed transaction accords with the reasonable expectations of creditors as to the particular debtor. *Burlington Northern Railroad Co. v. Dant & Russell, Inc. (In re Dant & Russell, Inc.)*, 853 F.2d 700, 704-06 (9th Cir. 1988). If both tests are satisfied, the court must conclude that the challenged transaction occurred in the debtor's ordinary course of business. *Id.* at 705; *see also Credit Alliance Corp. v. Idaho Asphalt Supply, Inc. (In re Blumer)*, 95 B.R. 143, 147 & n.4 (B.A.P. 9th Cir. 1988) (stating that "the Ninth Circuit has determined that a transaction which meets both the 'horizontal' and 'vertical' dimension tests is in the ordinary course of business[,]" but "[i]t is unclear whether *Dant & Russell* requires both the 'horizontal' and 'vertical' dimension tests to be satisfied"); *In re Media Cent., Inc.*, 115 B.R. 119, 124 (Bankr. E.D. Tenn. 1990) ("If either test or dimension is not satisfied, most likely the disputed transaction is not in the ordinary course of business.").

The procedures proposed herein contemplate that the Debtor will execute recordable DOT Assignments where requested to facilitate a borrower refinancing of a Sold Home Loan. As discussed above, the Debtor formerly operated for years as an originator, servicer, and seller of

Case: 19-51455   Doc# 47   Filed: 08/05/19   Entered: 08/05/19 16:27:57   Page 7 of 25

DOCS_LA:323484.3 36859/002

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

mortgage loans. Executing recordable lien assignments is a common transaction in the Debtor's former industry and squarely within a typical business dealing of this debtor. Moreover, the Debtor has no further economic interest in the mortgage loans at issue, and no prejudice to creditors will result from effectuating the DOT Assignments. Consequently, the relief sought herein is within the ordinary course of business under both of the horizontal and vertical dimensions tests.

However, even if section 363(b)(1) applies, the proposed procedures herein satisfy the applicable standards. A trustee's application of his or her sound business judgment in the use, sale, or lease of property is subject to great judicial deference. *See, e.g., In re Moore*, 110 B.R. 924 (Bankr. C.D. Cal. 1990); *In re Canyon P'ship*, 55 B.R. 520 (Bankr. S.D. Cal. 1985); *see also Walter v. Sunwest Bank (In re Walter)*, 83 B.R. 14, 19-20 (B.A.P. 9th Cir. 1988) ("[T]here must be some articulated business justification for using, selling, or leasing the property outside the ordinary course of business . . . whether the proffered business justification is sufficient depends on the facts of the case. As the Second Circuit held in *Lionel*, the bankruptcy judge should consider all salient factors pertaining to the proceeding and, accordingly, act to further the diverse interests of the debtor, creditors and equity holders, alike.").

In interpreting section 363(b)(1) of the Bankruptcy Code, courts have held that a transaction involving property of the estate generally should be approved where the debtor or trustee can demonstrate "some articulated business justification for using, selling, or leasing property outside of the ordinary course of business." *In re Continental Airlines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986); *accord In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983); *Walter*, 83 B.R. at 19-20; *In re Curlew Valley Assocs.*, 14 B.R. 506, 513-14 (Bankr. D. Utah 1981).

The Debtor believes that, under the circumstances, the proposed procedures for handling lien release or assignment requests from borrowers of Sold Home Loans constitute a sound exercise of the Debtor's business judgment. As discussed above, the Debtor has no economic interest in the Sold Home Loans or the liens obtained as security therefor. Faced with a backlog of pending lien release or assignment requests from borrowers who are trying to refinance their loans and where the Debtor is still on title as a lien holder, the Debtor is not in a position to release the liens directly, as it sold the underlying loans and assigned the rights in the liens, typically as soon as within a few days

DOCS_LA:323484.3 36859/002

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

to a couple of weeks of closing of the loan. The Debtor can, however, efficiently remove itself from these situations where the Debtor is able to verify the loans as having been sold pursuant to a review of the mortgage loan tape by executing a recordable DOT Assignment. The procedures proposed herein will enable the Debtor to process borrower requests expeditiously, without the need for a Court order approving each and every DOT Assignment as a separate use of estate property, and upon adequate notice to creditors and opportunity to object. The relief sought is, therefore, supported by sound business reasons and is in the best interests of the Debtor and its estate.

### 2. "Cause" Exists to Authorize the Debtor to Enter into RFS Stipulations with Respect to the Third Party Foreclosure Actions Pursuant to the Proposed Procedures

A bankruptcy court shall lift the automatic stay for cause. 11 U.S.C. § 362(d)(1). Because there is no clear definition of what constitutes "cause," discretionary relief from the stay must be determined on a case-by-case basis. *MacDonald v. MacDonald (In re MacDonald)*, 755 F.2d 715, 717 (9th Cir.1985); *Kronemyer v. Am. Contractors Indemn. Co. (In re Kronemyer)*, 405 B.R. 915, 921 (9th Cir. BAP 2009). It is within the sound discretion of the bankruptcy court to determine whether to grant relief from the automatic stay to allow litigation to continue. *Piombo Corp. v. Castlerock Properties (In re Castlerock Properties)*, 781 F.2d 159 (9th Cir. 1986); *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990).

Courts evaluate several non-exclusive factors to determine if cause exists to permit pending litigation to continue in another forum. *In re Curtis*, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984); *Plumberex*, 311 B.R. at 559. These factors are: (a) Whether the relief will result in a partial or complete resolution of the issues; (b) The lack of any connection with or interference with the bankruptcy case; (c) Whether the so-called "foreign" proceeding involves the debtor as a fiduciary; (d) Whether a specialized tribunal has been established to hear the particular cause of action and whether that tribunal has the expertise to hear such cases; (e) Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation; (f) Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question; (g) Whether the litigation in another forum would prejudice the interests of

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  other creditors, the creditor's committee and other interested parties; (h) Whether the judgment claim

2  arising from the foreign action is subject to equitable subordination; (i) Whether movant's success in

3  the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f);

4  (j) The interests of judicial economy and the expeditious and economical determination of litigation

5  for the parties; (k) Whether the foreign proceedings have progressed to the point where the parties

6  are prepared for trial, and (l) the impact of the stay and the "balance of hurt." *See also Sonnax*

7  *Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1286 (2d Cir.

8  1990); *Hui Wang v. Votteler (In re Hui Wang)*, 2010 Bankr. LEXIS 5038 (BAP 9th Cir. 2010)

9  (finding "cause" to grant relief from stay to continue debtor's appeal based on *Curtis* factors). Not

10  all of the twelve factors are relevant in every case. Nor is a court required to give each of the factors

11  equal weight in making its determination. *Plumberex*, 311 B.R. at 560.

12  Here, all of the relevant *Curtis* factors weigh in favor of the Debtor's entry into RFS

13  Stipulations pursuant to the procedures proposed herein. First, under the proposed procedures, the

14  Debtor may only enter into RFS Stipulations in Third Party Foreclosure Actions. In such actions,

15  the Debtor is a defendant in the litigation solely in its capacity as the titular holder of a lien that will

16  be foreclosed upon in the litigation. Specifically, the procedures require that, to enter into a RFS

17  Stipulation, the Debtor must verify by review of the mortgage loan tape that it has already sold the

18  underlying loan and assigned away all of its rights to the buyer and that the estate has no other

19  economic interest in the litigation. Accordingly, *Curtis* factors 6, 7, and 9 weigh in favor of the

20  relief sought. Second, the RFS Stipulations will enable substantial litigation – multiple pending

21  actions around the country to date – to be resolved by the parties that in fact have an actual economic

22  interest in the litigation, without interference from the bankruptcy case and without giving rise to any

23  claims against or unnecessary administrative costs to the estate. Among other things, entry into the

24  RFS Stipulations avoids the necessity of the plaintiffs to file relief from stay motions with the Court.

25  Additionally, the RFS Stipulations condition relief from automatic stay upon a release of any claims

26  of the plaintiff, thereby eliminating the possibility of default judgments for court costs. Accordingly,

27  *Curtis* factors 1, 2, 10, and 12 also weigh in favor of the relief sought herein. Finally, the Debtor

28

10

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

submits that the *Curtis* factors 3, 4, 5, 8 and 11 are not relevant and that, even if relevant, they would not weigh against the relief sought herein.

Finally, the procedures specifically contemplate that creditors shall have adequate opportunity to object to stay relief prior to any RFS Stipulation becoming effective.

## V.

## **WAIVER OF BANKRUPTCY RULES 4001(A)(3) AND 6004.**

To implement the foregoing successfully, the Debtor seeks a waiver of each of the following, to the extent applicable: (a) the fourteen-day (14) stay of an order granting a motion for relief from an automatic stay under Bankruptcy Rule 4001(a)(3); (b) the notice requirements under Bankruptcy Rule 6004(a); and (c) the fourteen-day (14) stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

## VI.

## **NOTICE**

The Debtor will serve the notice of this Motion on (a) the Office of the United States Trustee, (b) the parties holding the largest twenty unsecured claims, and (c) parties that have filed a request for notice of all matters in accordance with Bankruptcy Rule 2002(i). The Debtor submits that such notice is sufficient and that no other or further notice is necessary.

## VII.

## **CONCLUSION**

Based upon the foregoing, the Debtor respectfully requests that the Court grant the Motion and enter an order approving the DOT Assignment/Third Party Foreclosure Action Procedures and granting such other relief to the Debtor as the Court deems necessary and appropriate.

Dated:  August 5, 2019

PACHULSKI STANG ZIEHL & JONES LLP

By:  */s/ Malhar S. Pagay*_____
     Jeffrey N. Pomerantz
     Henry Kevane
     Jeremy V. Richards
     Malhar S. Pagay

     Proposed Attorneys for Home Loan Center, Inc.

# EXHIBIT "A"

**Proposed Order**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Jeffrey N. Pomerantz (CA Bar No. 143717)
Jeremy V. Richards (CA Bar No. 102300)
Malhar S. Pagay (CA Bar No. 189289)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310.277.6910
Facsimile: 310.201.0760
Email: jpomerantz@pszjlaw.com
        jrichards@pszjlaw.com
        mpagay@pszjlaw.com

Henry C. Kevane (CA Bar No. 125757)
Pachulski Stang Ziehl & Jones LLP
150 California St., 15th Floor
San Francisco, CA 94111
Telephone:  415.263.7000
Facsimile:  415.263.7010
Email: hkevane@pszjlaw.com

Proposed Attorneys for Home Loan Center, Inc.

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| In re: | Case No.:  19-51455 (MEH) |
| HOME LOAN CENTER, INC., | Chapter 11 |
| Debtor. | **ORDER APPROVING PROCEDURES REGARDING ASSIGNMENTS/ FORECLOSURE ACTIONS** |
| | Hearing Date: |
| | Date:       August 29, 2019 |
| | Time:       10:30 a.m. (Pacific Time) |
| | Place:      Courtroom 3020 |
| |                 280 South First Street |
| |                 San Jose, CA 95113 |
| | Judge:      Hon. M. Elaine Hammond |

The *Motion for Order Approving Procedures Regarding Assignments/Foreclosure Actions*

[Docket No. __] (the "**Motion**"), submitted by the above-captioned debtor in possession (the

"**Debtor**"),[1] was heard on regular notice by this Court; and the Court, having (a) reviewed the

pleadings filed in support of the Motion, (b) heard the arguments and representations of counsel,

---

[1]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:323484.3 36859/002

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

(c) determined that notice of the hearing was adequate under the circumstances, and (d) determined that good cause exists to the grant the relief requested;

**IT IS HEREBY ORDERED THAT:**

1.     The Motion is **GRANTED**.

2.     The DOT Assignment/Third Party Foreclosure Action Procedures are approved:

    **a.**    <u>DOT Assignment Notice</u>.  The Debtor will file a notice (the "<u>DOT Assignment Notice</u>") setting forth the proposed assignment of one or more deeds of trust and will serve the DOT Assignment Notice via overnight delivery service, email or fax on (i) the Office of the United States Trustee and (ii) the twenty largest unsecured creditors or, in lieu thereof, counsel to any official committee appointed in the case (collectively, the "<u>DOT Assignment/RFS Notice Parties</u>").

    **b.**    <u>Content of DOT Assignment Notice</u>.  The DOT Assignment Notice shall be substantially in the form attached as <u>Exhibit B-2</u> to the Motion.  As to each deed of trust to be assigned, the DOT Assignment Notice shall set forth the following information, based on the best of the Debtor's information: (i) the loan origination date, (ii) the amount borrowed, (iii) the property address, (iv) the date the Debtor sold the loan, and (v) the identity of the loan purchaser/proposed assignee of the deed of trust.

    **c.**    <u>Objections to a DOT Assignment</u>.  Should a party in interest object to the Debtor's proposed assignment of a deed of trust, such party must file and serve a written objection (an "<u>Objection</u>") so that it is filed with this Court and actually received by the following parties (the "<u>Objection Notice Parties</u>") no later than seven (7) calendar days after the date the DOT Assignment Notice is filed: (i) the Debtor, Arch & Beam Global, LLC, 2500 Camino Diablo, Ste. 110, Walnut Creek, California  94597  (Attn: Matthew English); (ii) counsel to the Debtor, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California, 90067, Attn: Jeffrey N. Pomerantz, Esq., Jeremy V. Richards, Esq., Malhar S. Pagay, Esq., and Pachulski Stang Ziehl & Jones LLP, 150 California Street, 15th Floor, San Francisco, California, 94111, Attn: Henry C. Kevane, Esq.; (iii) counsel to any official committee of unsecured creditors appointed in this case; and (iv) emailed to loan.support@homeloancenterinc.com.  Each Objection must state with specificity the grounds for objecting to the proposed deed of trust assignment. If no Objection to a DOT Assignment Notice is timely filed and served, the Debtor may execute and consummate the applicable DOT Assignment without further order of the Court.

    **d.**    <u>RFS Stipulations, Objections Thereto</u>. The Debtor may enter a RFS Stipulation with respect to each pending or future action Third Party Foreclosure Action in which the Debtor is a defendant, provided that the Debtor (i) has verified the sale of the applicable Sold Home Loan pursuant to a review of the mortgage loan tape, and (ii) otherwise, to the best of the

2

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Debtor's knowledge, has no direct or indirect economic interest in the outcome of the Third Party Foreclosure Action. Each RFS Stipulation shall provide for a mutual release of claims, including without limitation any claims of the plaintiff against the Debtor or the estate for attorneys' fees and expenses that may be awarded to the plaintiff in the Third Party Foreclosure Action. The Debtor shall file the RFS Stipulation with the Court and serve it on the DOT Assignment/RFS Notice Parties by overnight delivery service, email, or facsimile. If no objection is received by the Objection Notice Parties within seven (7) calendar days of filing, the relief set forth in the RFS Stipulation shall be deemed immediately effective.

     **e.**    <u>Effects of Filing an Objection to a DOT Assignment Notice or RFS Stipulation</u>. If a timely Objection to a DOT Assignment Notice or RFS Stipulation is filed and received in accordance with the DOT Assignment/Third Party Foreclosure Action Procedures, the Debtor shall schedule a hearing on such Objection and shall provide at least seven (7) days' notice of such hearing to the objecting party and the Objection Notice Parties. If a hearing is set on a timely Objection to a DOT Assignment and the Court ultimately upholds the Debtor's determination to assign the applicable deed of trust, then the Debtor may execute and consummate the applicable DOT Assignment. If a hearing is set on a timely Objection to a RFS Stipulation and the Court ultimately upholds the Debtor's determination to grant relief from the automatic stay as to the applicable Third Party Foreclosure Action, the applicable RFS Stipulation shall become immediately effective.

     **f.**    <u>Consent Orders</u>. Any Objection may be resolved without a hearing by an order of this Court submitted on a consensual basis by the Debtor, with the consent of the objecting party.

3.    The stays imposed pursuant to Bankruptcy Rules 4001(a)(3) and 6004(h) are waived.

4.    This Order is effective immediately.

5.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

**\*\*\*END OF ORDER\*\*\***

DOCS_LA:323484.2 36859/002

1

## EXHIBIT "B"

2

**DOT Assignment**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**PACHULSKI STANG ZIEHL & JONES LLP**
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**RECORDING
REQUESTED BY**

_____

**AND WHEN RECORDED
MAIL TO**

_____

_____

APN: _____       Space above line for Recorder's Use
                            NO CONSIDERATION. NO TAX DUE.
                            Conveyance without consideration to change the
                            manner in which the interest of the parties is held.

Loan No. **_____**

## ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED,
the undersigned hereby grant[s], assign[s] and transfer[s] to:

_____, a _____, all of its right, title and interest in and to
that certain Deed of Trust executed by _____ as Trustor to _____, as Trustee, and
recorded on _____, 20__ as Document _____ in the Official Records of _____
County, _____.

TOGETHER with the note, or notes therein described or referred to, the money due, and to become
due thereon with interest, and all rights accrued or to accrue under that Deed of Trust.

Dated: _____, 20__

HOME LOAN CENTER, INC.,
a California corporation

_____
Matthew English, solely in his capacity as
Chief Restructuring Officer of
Home Loan Center, Inc.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT "C"**

**DOT Assignment Notice**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  Jeffrey N. Pomerantz (CA Bar No. 143717)
   Jeremy V. Richards (CA Bar No. 102300)
2  Malhar S. Pagay (CA Bar No. 189289)
   Pachulski Stang Ziehl & Jones LLP
3  10100 Santa Monica Blvd., 13th Floor
   Los Angeles, CA 90067
4  Telephone: 310.277.6910
   Facsimile: 310.201.0760
5  Email: jpomerantz@pszjlaw.com
          jrichards@pszjlaw.com
6          mpagay@pszjlaw.com

7  Henry C. Kevane (CA Bar No. 125757)
   Pachulski Stang Ziehl & Jones LLP
8  150 California St., 15th Floor
   San Francisco, CA 94111
9  Telephone:  415.263.7000
   Facsimile:  415.263.7010
10 Email: hkevane@pszjlaw.com

11 Proposed Attorneys for Home Loan Center, Inc.

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| In re:                       | Case No.: 19-51455 (MEH)                          |
|------------------------------|---------------------------------------------------|
| HOME LOAN CENTER, INC.,      | Chapter 11                                        |
|                     Debtor.  | **NOTICE OF ASSIGNMENTOF DEED OF TRUST**          |
|                              | **No Hearing Required**                           |

**PLEASE TAKE NOTICE** that on [●], 2019, the United States Bankruptcy Court for the Northern District of California, San Jose Division (the "Bankruptcy Court") entered an order (the "Procedures Order") in the above-referenced chapter 11 case of Home Loan Center, Inc. (the "Debtor"), establishing, among other things, procedures (the "Procedures") for the assignment of deeds of trust securing home loans that have been previously sold by the Debtor (each, a "DOT Assignment").

**PLEASE TAKE FURTHER NOTICE** that pursuant to the terms of the Procedures Order, the Debtor hereby provides notice of its intent to assign the below-referenced deed of trust.  Pursuant to the terms of the Procedures Order, unless a written objection is filed and served in accordance with the terms of the Procedures Order, the Debtor may assign the below deed of trust to the applicable buyer:

| Loan Origination Date | Amount Borrowed | Property Address | Date of Sale of Loan and Identity of Loan Purchaser/Proposed Assignee of the Deed of Trust |
|-----------------------|-----------------|------------------|---------------------------------------------------------------------------------------------|
|                       |                 |                  |                                                                                             |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to this Notice must be filed and served so that such objection is filed with the Bankruptcy Court and actually received by the following parties no later than seven (7) days after the date of this Notice: (i) the Debtor, Arch & Beam Global, LLC, 2500 Camino Diablo, Ste. 110, Walnut Creek, California 94597 (Attn: Matthew English); (ii) counsel to the Debtor, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California, 90067, Attn: Jeffrey N. Pomerantz, Esq., Jeremy V. Richards, Esq., Malhar S. Pagay, Esq., and Pachulski Stang Ziehl & Jones LLP, 150 California Street, 15th Floor, San Francisco, California, 94111, Attn: Henry C. Kevane, Esq.; (iii) counsel to any official committee of unsecured creditors appointed in this case; and (iv) emailed to loan.support@homeloancenterinc.com (collectively, the "Objection Notice Parties").

**PLEASE TAKE FURTHER NOTICE** that if an objection to this Notice is timely filed and served, the Debtor shall seek a hearing on such objection and shall provide at least seven (7) days' notice of such hearing to the objecting party and the Objection Notice Parties. If the Court ultimately upholds the Debtor's determination to assign applicable deed of trust, then the Debtor may execute and consummate the applicable DOT Assignment.

Dated: _____, 2019       PACHULSKI STANG ZIEHL & JONES LLP


_____
Jeffrey N. Pomerantz
Henry Kevane
Jeremy V. Richards
Malhar S. Pagay

Proposed Attorneys for Debtor and Debtor in Possession

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

2

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  
2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28  

# **EXHIBIT "D"**

**RFS Stipulation**

1  Jeffrey N. Pomerantz (CA Bar No. 143717)
   Jeremy V. Richards (CA Bar No. 102300)
2  Malhar S. Pagay (CA Bar No. 189289)
   Pachulski Stang Ziehl & Jones LLP
3  10100 Santa Monica Blvd., 13th Floor
   Los Angeles, CA 90067
4  Telephone: 310.277.6910
   Facsimile: 310.201.0760
5  Email: jpomerantz@pszjlaw.com
           jrichards@pszjlaw.com
6          mpagay@pszjlaw.com

7  Henry C. Kevane (CA Bar No. 125757)
   Pachulski Stang Ziehl & Jones LLP
8  150 California St., 15th Floor
   San Francisco, CA 94111
9  Telephone:  415.263.7000
   Facsimile:  415.263.7010
10 Email: hkevane@pszjlaw.com

11 Proposed Attorneys for Home Loan Center, Inc.

12              **UNITED STATES BANKRUPTCY COURT**

13              **NORTHERN DISTRICT OF CALIFORNIA**

14                      **SAN JOSE DIVISION**

| | |
|---|---|
| 15 In re: | Case No.: 19-51455 (MEH) |
| 16 HOME LOAN CENTER, INC., | Chapter 11 |
| 17                        Debtor. | **STIPULATION WITH _____ PURSUANT TO 11 U.S.C. § 362** |
| 18 | **CONSENTING TO RELIEF FROM STAY** |
| 19 | [No Hearing Required] |
| 20 | |

21       Home Loan Center, Inc., the above-captioned debtor and debtor in possession (the

22 "**Debtor**"), and _____ ("**Plaintiff**"), hereby enter into this stipulation (the

23 "**Stipulation**"), pursuant to Bankruptcy Code section 362, vacating the automatic stay with respect

24 to the Debtor in connection with a mortgage loan foreclosure civil action in the _____

25 District of _____ filed by Plaintiff against the Debtor, Case No. _____ (the

26 "**Foreclosure Action**").

27                              **RECITALS**

28       A.    On July 21, 2019, the Debtor commenced its chapter 11 case.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

B.     On _____, 20\_\_, Plaintiff commenced the Foreclosure Action.

C.     The parties hereto agree that the automatic stay with respect to the Foreclosure Action can be vacated as to the Debtor, subject to the terms and conditions set forth herein.

### **STIPULATION**

WHEREFORE, the Debtor and Plaintiff hereby stipulate by and between themselves, the following:

1.     To the extent applicable and subject to the reservations set forth in this Stipulation, the parties hereto agree that the automatic stay under section 362 of the Bankruptcy Code with respect to the Debtor and in connection with the Foreclosure Action is hereby vacated.

2.     Except as otherwise provided in this Stipulation, upon effectiveness of the relief from the automatic stay discussed in paragraph 1 hereof, Plaintiff, for itself and its agents, insurers, attorneys, employees, affiliates, successors, and assigns, shall release and discharge the Debtor, its estate, and its agents, insurers, attorneys, employees, administrators, predecessors, successors, and assigns, from any and all claims, demands, controversies, actions, causes of action, suits, proceedings, obligations, liabilities, fines, penalties, costs, expenses, attorneys' fees, and damages of whatsoever character, nature, or kind, in law or in equity, whether known or unknown, fixed or contingent, and liquidated or unliquidated, which relate to the Foreclosure Action.

3.     Except as otherwise provided in this Stipulation, the Debtor, for itself and its agents, insurers, attorneys, employees, affiliates, successors, and assigns, shall release and discharge Plaintiff and its agents, insurers, attorneys, employees, administrators, predecessors, successors, and assigns, from any and all claims, demands, controversies, actions, causes of action, suits, proceedings, obligations, liabilities, fines, penalties, costs, expenses, attorneys' fees, and damages of whatsoever character, nature, or kind, in law or in equity, whether known or unknown, fixed or contingent, and liquidated or unliquidated, which relate to the Foreclosure Action.

4.     **Waiver of Section 1542.**  The parties recognize, acknowledge and waive the provisions of California Civil Code section 1542, which provides:

A general release does not extend to claims which the creditor does not know
or suspect to exist in his or her favor at the time of executing the release,

2

which if known by him or her must have materially affected his or her settlement with the debtor.

In waiving the provisions of section 1542 of the California Civil Code, each party acknowledges that [he/she/it] may discover facts in addition to or different than those which [he/she/it] now believe to be true with respect to the matters released in this Stipulation, but agree that [he/she/it] has taken that possibility into account in reaching this settlement, and the releases given in this Stipulation shall remain in effect as a full and complete release notwithstanding the discovery or existence of such additional or different facts, as to which each party expressly assumes the risk.

5.     This Stipulation contains the entire agreement between the parties as to its subject matter and supersedes any and all prior agreements and undertakings between the parties relating thereto.

6.     This Stipulation may not be modified other than by a signed writing executed by the parties.

7.     Each person who executes this Stipulation represents that he or she is duly authorized to do so on behalf of the respective party and that each party has full knowledge and has consented to this Stipulation.

8.     This Stipulation may be executed in counterparts, each of which will be deemed an original but all of which together constitute one and the same instrument, and it constitutes sufficient proof of this Stipulation to present any copy, copies, or faxes signed by the parties to be charged.

9.     This Stipulation will be exclusively governed by and construed and enforced in accordance with the laws of the State of California, without regard to its conflicts of law principles, and all claims relating to or arising out of this Stipulation, or the breach thereof, whether sounding in contract, tort, or otherwise, will likewise be governed by the laws of the State of California, excluding California's conflicts of law principles. The Bankruptcy Court will retain exclusive jurisdiction over all disputes relating to this Stipulation.

10.     This Stipulation shall be of no force or effect unless and until the first of the following two events have occurred:  (a) seven (7) days have elapsed since the Debtor has filed the Stipulation with the Bankruptcy Court and served the Stipulation on (i) the Office of the United

DOCS_LA:323484.2 36859/002

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

States Trustee and (ii) the twenty largest unsecured creditors or, in lieu thereof, counsel to any official committee appointed in this case by overnight delivery service, email, or facsimile, and no objection to the Stipulation has been received by the Debtor; or (b) the Bankruptcy Court has entered a final and non-appealable order approving this Stipulation.

Dated:                      PACHULSKI STANG ZIEHL & JONES LLP,
                                     counsel to Home Loan Center, Inc.


_____

                                   Jeffrey N. Pomerantz
                                   Henry Kevane
                                   Jeremy V. Richards
                                   Malhar S. Pagay

Dated:                      [_____],
                                   counsel to Plaintiff


_____

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4