TIMOTHY S. LAFFREDI (WI SBN 1055133)
Assistant United States Trustee
MARTA E. VILLACORTA (NY SBN 4918280)
Trial Attorney
United States Department of Justice
Office of the U.S. Trustee
450 Golden Gate Avenue, Suite 05-0153
San Francisco, CA  94102
Telephone: (415) 252-2062
Facsimile:  (415) 705-3379
Email: marta.villacorta@usdoj.gov

Attorneys for TRACY HOPE DAVIS
United States Trustee for Region 17

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| In re: | Case No.  19-51455 MEH |
| HOME LOAN CENTER, INC., | Chapter 11 |
| Debtor. | Date: September 24, 2019<br>Time: 10:30 a.m.<br>Ctrm:  280 South First Street<br>Courtroom 11<br>San Jose, California 95113<br>Judge: Honorable M. Elaine Hammond |

**OBJECTION AND RESERVATION OF RIGHTS OF THE UNITED STATES TRUSTEE TO DEBTOR'S MOTION FOR ENTRY OF ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 363 AND 105 APPROVING THE ENGAGEMENT CONTRACT BETWEEN ARCH & BEAM GLOBAL, LLC AND THE DEBTOR**

Tracy Hope Davis, United States Trustee for Region 17 ("United States Trustee"), by and through her undersigned counsel, hereby objects ("Objection") to the "Motion for Entry of Order Pursuant to Bankruptcy Code Sections 363 and 105 Approving the Engagement Contract Between Arch & Beam Global, LLC and Debtor," *nunc pro tunc* to the Petition Date, ECF No. 37 ("Motion") filed by Home Loan Center, Inc., the debtor and debtor in possession ("Debtor" or "HLC") in the above-captioned case.[1]  As set forth in the Motion, Matthew English ("Mr. English") will serve as the Debtor's Chief Restructuring Officer ("CRO") and additional

---

[1] ECF references contained herein are to the PACER docket for Debtor Home Loan Center, Inc., 19-51455, unless otherwise indicated.

UST Objection to Debtor's Motion to Retain CRO and Additional Personnel: Home Loan Center, Inc., Case No. 19-51455 MEH

1

individuals ("Additional Personnel") employed by Arch & Beam Global, LLC ("Arch + Beam") will provide other services to assist the CRO. However, for the reasons set forth herein, the United States Trustee requests that the Court deny the Motion.

I.  **Introduction**

The Debtor ceased its operations prepetition on or around 2012, approximately seven years prior to filing a voluntary chapter 11 petition. The Debtor has no employees, no ongoing business, generates no income, and appears to have no assets other than cash and claims against its insiders. It is also apparent based on the record in this case that the Debtor has no intention of reorganizing. In fact, the Debtor recently filed a "Notice of Conversion of Chapter 11 Case to Chapter 7," ECF No. 77, and "Motion to Convert Case Under 11 U.S.C. § 1112(a)," ECF No. 83. Given these circumstances, it is unclear why the Debtor requires a CRO and the Additional Personnel. For these reasons, and as fully explained below, the Motion should be denied.

II.  **Jurisdiction and Venue**

This Court has jurisdiction to hear and determine the Motion and this Objection pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a) and (b)(2).

III.  **The United States Trustee Has Standing to Object to the Motion**

The Objection is filed in accordance with the United States Trustee's statutory duties under 28 U.S.C. § 586. Specifically, the United States Trustee has a responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3rd Cir. 1994).

IV.  **Factual Background**

On July 21, 2019, the Debtor commenced its bankruptcy case by filing a voluntary petition under chapter 11 of the Bankruptcy Code. ECF No. 1. Mr. English was designated the Responsible Individual of the Debtor. ECF No. 15. Proposed Counsel to the Debtor is Pachulski Stang Ziehl & Jones LLP. *See* ECF No. 43.

The 341 meeting of creditors was held and concluded on August 22, 2019. *See* PACER docket Case No. 19-51455 MEH. To date, no official committee has been appointed in the Debtor's case. *Id.*

### a. The Debtor's Operations and Sale of Assets

On May 12, 2011, the Debtor entered into an asset purchase agreement with Discover Bank pursuant to which HLC sold substantially all of its operating assets to Discover Bank for approximately $55.9 million. ECF No. 19 at 3. The sale closed on June 6, 2012. *Id.* at 4. At this time, it appears that the Debtor's "primary operations" have included responding to requests for lien assignments and other limited activities to try to assist borrowers as they refinance or sell properties where HLC is still on the property title. *Id.*

### b. The Debtor's Current Assets

The Debtor's assets include cash totaling $5.44 million and its 100% interest in a defunct subsidiary HLC Escrow, Inc., that has approximately $490,000 in cash. ECF No. 19 at 4. The Debtor's assets also include certain disputed causes of action against insiders which arise out of a special dividend of $40 million that HLC's board of directors authorized HLC to make to TREE-LLC on January 20, 2016. *Id.*

### c. Bankruptcy Filling

It appears that the Debtor's case was filed in response to a judgment entered against HLC for $68,484,502.06 by the United States District Court for the District of Minnesota [Case No. 14-cv-01716, Doc. No 83] ("RFC Judgment"). ECF No. 19 at 6. The RFC Judgment is comprised of the following: (a) $28,700,000 in damages awarded by the jury on November 8, 2018 [Case No. 13-cv-03451, Doc. No. 4705]; (b) $14,066,931.50 in pre-verdict interest on March 18, 2019 [Case No. 13-cv-03451, Doc. No. 5039]; and (c) $23,081,252.31 in attorneys' fees and costs awarded by the Court on June 21, 2019 [Case No. 13-cv-03451, Doc. No. 5147], and $2,636,318.25 in post-verdict, prejudgment interest. *Id.* at 6-7.

//

**d. Summary of Motion**

On July 31, 2019, the Debtor filed the Motion seeking the entry of an order authorizing the employment of Arch + Beam to provide restructuring management services, crisis management services, and CRO services as described in the Engagement Contract attached as Exhibit A to the declaration of Mr. English pursuant to Sections 105 and 363 of the Bankruptcy Code. ECF No. 37. As set forth in the Motion, the Debtor "seeks to retain the CRO and Arch + Beam so they may continue to provide management services and guide the Debtor through a successful resolution of its chapter 11 case." *Id.* at 3. The Debtor maintains that "any delay of the CRO's, and Arch + Beam's services could cause irreparable harm to the Debtor's estate." *Id.*

The Motion also provides that "Mr. English and Arch + Beam will communicate and negotiate with the Debtor's stakeholders, and provide plan and liquidation analysis for the purpose of restructuring the estate aimed to maximize value for all creditors, pursuant to the terms of the Engagement Contract" and "[w]ithout such services, it would be difficult, if not impossible, for the Debtor to gather and analyze the financial information necessary to complete the liquidation contemplated by this filing." *Id.*

According to the Motion, the Debtor shall indemnify the CRO on the same terms as provided to the Debtor's directors under the Debtor's by-laws and applicable state law. ECF No. 37 at 8. With respect to the Additional Personnel, the Debtor shall have no obligation to indemnify Arch + Beam or to provide contribution or reimbursement to Arch + Beam for any claim or expense that is either (a) judicially determined to have resulted primarily from the willful misconduct, gross negligence, bad faith or self-dealing of Arch + Beam; or (b) settled prior to a judicial determination as to Arch + Beam's willful misconduct, gross negligence, bad faith or self-dealing but determined by the Court, after notice and a hearing, to be a claim or expense for which Arch + Beam should not receive indemnity, contribution or reimbursement under the terms of the Engagement Contract.

//

e. **Request for Conversion to Chapter 7**

On July 31, 2019, ResCap Liquidating Trust ("ResCap") as successor in interest to RFC, filed a "Motion to Convert Case to Chapter 7," ECF No. 41 ("Conversion Motion") which was set to be heard on September 24, 2019. *See* ECF No. 58. Lehman Brothers Holdings, Inc. ("LBHI") filed a joinder to the Conversion Motion filed by ResCap. ECF No. 66.

On August 29, 2019, the Debtor filed a "Notice of Conversion of Chapter 11 Case to Chapter 7," ECF No. 77 ("Conversion Notice"). The Conversion Notice provides that "pursuant to section 1112(a) of the Bankruptcy Code," the Debtor's chapter 11 case is "converted to a case under chapter 7 of the Bankruptcy Code." *Id.* Then on September 5, 2019, the Debtor filed a "Motion to Convert Case Under 11 U.S.C. § 1112(a)," ECF No. 83.

On September 5, 2019, the Debtor filed a document entitled "Stipulation Modifying Stipulation Regarding Continuance of August 29, 2019 Hearings and Related Discovery," which provides in pertinent part that HLC, ResCap, LendingTree, LLC and LendingTree, Inc., and Mr. Douglas Lebda stipulate and agree that the Conversion Motion set for hearing on September 24, 2019 shall be deemed withdrawn as moot. *See* ECF No. 82.

As of the date of this Objection, the Debtor's case has not been officially converted to a Chapter 7. *See* PACER docket for Case No. 19-51455 MEH.

**V.     Legal Argument**

The bases for relief as set forth in the Motion are sections 105 and 363(b). The Debtor also cited several cases for the proposition that "[n]umerous courts have authorized retention of officers utilizing this provision [Section 363] of the Bankruptcy Code, including courts in the Ninth Circuit." *See In re American Suzuki Motor Corporation,* Case No. 8:12-22808-SC (Bankr. C.D. Cal. 2012); *In re Westcliff Medical Laboratories, Inc.*, Case No. 10-16743 (Bankr. C.D. Cal. June 25, 2010); *In re Fatburger Restaurants of California, Inc., et al.*, Case No. 09-13965 (Bankr. C.D. Cal. Feb. 16, 2011); *In re Fairfield Residential LLC*, Case No. 09-14378 (Bankr. D. Del Jan. 13, 2010); *In re The Holliston Mill, Inc.*, Case No. 07-10687 (MFW) (Bankr. D. Del.

June 6, 2007); *In re Sea Containers Ltd.*, Case No. 06-11156 (KJC) (Bankr. D. Del. May 8, 2007); *In re Adva-Lite, Inc.*, Case No. 07-10264 (KJC) (Bankr. D. Del. Mar. 16, 2007); *In re Global Home Products, LLC*, Case No. 06-10340 (KG) (Bankr. D. Del. May 4, 2006); *In re World Health Alternatives, Inc.*, Case No. 06-10166 (PJW) (Bankr. D. Del. Mar. 15, 2006). However, unlike in the cases cited, the Debtor in this case has no intention of reorganizing its debts or liquidating as a going concern. In fact, the Debtor most recently filed a notice and motion requesting conversion to Chapter 7. *See* ECF No. 77. Given these circumstances, there is no statutory basis for authorizing the retention of a CRO and Additional Personnel. Accordingly, the relief set forth in the Motion should be denied in its entirety.

### VI. Conclusion

For the foregoing reasons, the Motion should be denied. The United States Trustee also reserves her right to object to any amended motion.

Date: September 5, 2019

TRACY HOPE DAVIS
United States Trustee, Region 17

*/s/ Marta E. Villacorta*
MARTA E. VILLACORTA
Trial Attorney

UST Objection to Debtor's Motion to Retain CRO and Additional Personnel: Home Loan Center, Inc., Case No. 19-51455 MEH

6