| | |
|---|---|
| In re<br><br>HOME LOAN CENTER, INC.,<br><br>          Debtor. | Case No. 19-51455 MEH<br>Chapter 7<br>Hon. M. Elaine Hammond<br><br>**NOTICE AND OPPORTUNITY FOR HEARING ON MOTION TO TRANSFER ALL ASSETS OF HLC ESCROW, INC. TO THE TRUSTEE**<br><br>[No Hearing Requested Unless Objection Filed] |

**TO CREDITORS, THE UNITED STATES TRUSTEE AND OTHER PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE THAT** Doris A. Kaelin, the Chapter 7 Trustee ("Trustee") for the bankruptcy estate of Home Loan Center, Inc. ("Debtor"), files this notice of her motion for Bankruptcy Court authority to transfer to the Debtor's estate all assets owned by and/or in the name of HLC Escrow, Inc. As set forth in greater detail below, according to the Debtor's sworn schedules and statement of financial affairs, and information received by the Trustee, HLC Escrow, Inc. has on deposit with Bank of America cash in the amount of $489,629.50. By the motion, the Trustee seeks to have these assets delivered to the Trustee for her administration for the benefit of the Debtor's estate.

The Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on July 21, 2019. On September 16, 2019, the Bankruptcy Court converted the Debtor's case from Chapter 11 to Chapter 7. According to the Debtor's sworn bankruptcy schedules, the Debtor is the 100% shareholder of HLC Escrow, Inc. Following the conversion of the case, the Trustee has conducted an investigation of HLC Escrow, Inc. Based on this investigation, the Trustee understands that, other than an outstanding post-petition obligation on a surety bond in the amount of $462.50, HLC Escrow has no other creditors or obligations. The Trustee further understands that the sole asset of HLC Escrow, Inc. consists of an account maintained at Bank of America ending 5734, which contains approximately $489,629.50. The Trustee seeks Bankruptcy Court authority to instruct representatives of Bank of America to deliver to her all sums contained in any and all accounts in the name of HLC Escrow, Inc. and authority to deposit those sums with other funds of the bankruptcy estate.

**PLEASE TAKE FURTHER NOTICE THAT** Local Rule 9014-1 of the United States Bankruptcy Court for the Northern District of California prescribes the procedures to be followed with respect to any objection to the proposed payment or any request for hearing thereon.

**Any objection to the requested relief, or a request for hearing on the matter, must be filed and served upon the initiating party within 21 days of mailing the notice;**

**Any objection or request for a hearing must be accompanied by any declarations or memoranda of law any requesting party wishes to present in support of its position;**

**If there is no timely objection to the requested relief or a request for hearing, the court may enter an order granting the relief by default; and**

**In the event of a timely objection or request for hearing, the initiating party will give at least seven days written notice of the hearing to the objecting or requesting party, and to any trustee or committee appointed in the case.**

**PLEASE TAKE FURTHER NOTICE THAT** as of January 1, 2005, the United States Bankruptcy Court for the Northern District of California has adopted mandatory electronic filing. If you are not currently qualified to file papers with the Court electronically, you should consult the Court's website (www.canb.uscourts.gov).

DATED: February 3, 2020  RINCON LAW LLP

By: /s/Gregg S. Kleiner
GREGG S. KLEINER
Counsel for DORIS A. KAELIN, Chapter 7 Trustee

Gregg S. Kleiner, State Bar No. 141311
RINCON LAW LLP, 268 Bush Street, Suite 3335, San Francisco, California 94104
Telephone No.: 415-672-5991 / Facsimile No.: 415-680-1712
Email: gkleiner@rinconlawllp.com